FILED

August 25 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 13-0840

DA 13-0840

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 252N

STATE OF MONTANA,

      Plaintiff and Appellee,

    v.

WANDA MARDELLA VANGILDER,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Sixteenth Judicial District,
                  In and For the County of Custer, Cause No. DC-2013-12
                  Honorable Michael B. Hayworth, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Wade Zolynski, Chief Appellate Defender, David Dennis, Assistant
          Appellate Defender, Jennifer Hurley, Assistant Appellate Defender;
          Helena, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, Micheal S. Wellenstein,
          Assistant Attorney General; Helena, Montana

          Wyatt Glade, Custer County Attorney; Miles City, Montana

                             Submitted on Briefs:  April 8, 2015
                                    Decided:  August 25, 2015

Filed:

                                                                                    
_____
                                                          Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Wanda VanGilder appeals from an order of the Sixteenth Judicial District Court, Custer County, deferring the imposition of a sentence and imposing fees and a fine totaling $710. The issue on appeal is whether the District Court properly inquired into the defendant's ability to pay prior to imposing fees and a fine. We reverse and remand.

¶3 After entering into a plea agreement with the State, VanGilder pled guilty to felony criminal endangerment. The plea agreement stated:

The Defendant will pay the following administrative fees totaling $80.00:

 a. $20 per felony/$15 per misdemeanor conviction as mandated by § 46-18-236(1)(a), MCA[;]

 b. $10 per count court automation fee mandated by § 3-1-317, MCA; and[]

 c. $50 per count as mandated by § 46-18-236(1)(c), MCA.

The plea agreement also stated, "At the time of sentencing, the Defendant shall pay $100.00 for prosecutor fees, pursuant to § 46-18-232(2), MCA." The plea agreement provided that the District Court was not bound by the agreement, and the parties could argue for whatever disposition they felt appropriate.

2

¶4     The testimony at trial and the information in the presentence investigation (PSI) revealed that VanGilder completed nine grades of school and has a GED, suffers from various ailments, and is disabled.  Her sole source of income is $629 in social security disability benefits and $289 from Temporary Assistance for Needy Families (TANF) for her teenage daughter.  She has $2,700 in assets and $120 monthly debt payments. VanGilder is the sole source of support for herself and her daughter.

¶5     At sentencing, the State recommended a fine in order to make VanGilder eligible for a deferred sentence longer than three years.[1]  Acknowledging that the District Court might be unwilling to impose a fine given VanGilder's limited finances, the State recommended a fine of $1,000, but mentioned the possibility of suspending the fine.

¶6     VanGilder's counsel pointed out that VanGilder is indigent and lives on a very limited income to support two people.  Counsel asked that all fines and fees be waived because of VanGilder's inability to pay.

¶7     In its oral pronouncement of sentence, the District Court stated:

> I do require as punishment a $500 fine, and all the conviction surcharges that ordinarily apply.  I impose the supervision fees, the monthly supervision fees, and the $100 prosecutor fee that is required as part of the plea agreement.  I will waive the $800 court-appointed counsel fee and the $50 PSI fee.

In its written order, the District Court sentenced VanGilder to a five-year deferred sentence and ordered her to pay monthly supervision fees and the following fine and fees:

1. $500 fine under § 46-18-231(1)(a), MCA;
2. $50 felony-conviction surcharge under § 46-18-236(1)(b), MCA;

---

[1] A sentence longer than three years can only be deferred if a financial obligation is imposed. Section 46-18-201(1)(a)(i) to (ii), MCA.

3

3. $50 Victim Advocate fee under § 46-18-236(1)(c), MCA;
4. $10 Court Information Technology fee under § 3-1-317(1)(a), MCA; and
5. $100 cost-of-prosecution fee under § 46-18-232(1), MCA.

The District Court's written order also stated:

> The Court specifically finds that based on review of the Defendant's financial resources and obligations, including the requirement for Vocational Rehabilitation, as well as the adjustments to financial obligations made herein, the Defendant is able to meet the financial obligations imposed herein, including the fine and surcharges, reasonably and without undue hardship.

¶8   VanGilder appeals the imposition of the fine and fees.

¶9   We review for legality a criminal sentence that imposes over one year of incarceration. *State v. Gunderson*, 2010 MT 166, ¶ 38, 357 Mont. 142, 237 P.3d 74. We review de novo whether the court adhered to the applicable sentencing statutes. *State v. McMaster*, 2008 MT 268, ¶ 20, 345 Mont. 172, 190 P.3d 302.

¶10   Section 46-18-231, MCA, allows the court to impose a fine on the defendant subject to the following restriction:

> The sentencing judge may not sentence an offender to pay a fine unless the offender is or will be able to pay the fine. In determining the amount and method of payment, the sentencing judge shall take into account the nature of the crime committed, the financial resources of the offender, and the nature of the burden that payment of the fine will impose.

Section 46-18-231(3), MCA.

¶11   Section 46-18-232, MCA, imposes an identical restriction on the court's authority to impose costs, stating:

> The court may not sentence a defendant to pay costs unless the defendant is or will be able to pay them. In determining the amount and method of

4

payment of costs, the court shall take into account the financial resources of the defendant, the future ability of the defendant to pay costs, and the nature of the burden that payment of costs will impose.

Section 46-18-232(2), MCA.

¶12 In arguing that the District Court erred by imposing the fine and fees without taking into account the nature of the burden that payment will impose upon her, VanGilder points to the identical restrictions of § 46-18-231(3), MCA, and § 46-18-232(2), MCA, which provide that the court may not sentence a defendant to pay costs or fines unless the defendant is or will be able to pay them. The statutes further require that, in determining the amount and method of payment, the sentencing judge "shall take into account . . . the financial resources of the [offender/defendant], and the nature of the burden that payment of [the fine and costs] will impose." VanGilder argues that determining her ability to pay and the nature of the burden of payment of the fine and fees requires the District Court to consider more than just her monthly income, assets, and debts. VanGilder argues that in order to determine "the nature of the burden that payment of [the fine and costs] will impose," the court need also consider her monthly expenses and how payment of the fine and fees would affect her ability to provide for herself and her daughter. We agree.

¶13 The statutes expressly require that a sentencing judge determine "the nature of the burden that payment of [the fine and costs] will impose." This determination cannot be made in a vacuum. The imposition of fines and costs would obviously be less burdensome on an individual supporting only herself than it would be on a similarly situated individual supporting herself and a child. The purpose of the restrictions the

5

legislature has placed on the imposition of fines and costs is apparent—a defendant may not be ordered to meet impossible financial obligations. Therefore, the court must ascertain the defendant's ability to pay, including a review of the defendant's financial resources and any burdens imposed by repayment, before imposing fines and costs.

¶14 The State argues that the felony-conviction surcharge imposed under § 46-18-236, MCA, is subject to restriction only if the court determines that the defendant is unable to pay the felony fine upon which the surcharge is based. The State argues that since the District Court determined that VanGilder was able to pay the $500 felony fine, the court was permitted to impose the surcharge. The problem with the State's argument in this regard is that the District Court determined VanGilder's ability to pay the $500 felony fine without any inquiry regarding the nature of the burden payment would impose, as required by the identical language set forth in §§ 46-18-231(3) and -232(2), MCA.

¶15 The requirement that a sentencing court determine the defendant's ability to pay and the nature of the burden the financial obligation would impose demands more than simply noting some information about the defendant's income, assets, and debts. In *State v. McLeod*, 2002 MT 348, 313 Mont. 358, 61 P.3d 126, we reversed and remanded for a determination of the defendant's ability to pay. *McLeod*, ¶ 35. There, the defendant's PSI indicated that the defendant earned approximately $600 per month, his only major asset was a motorcycle valued at $2,500, and he owed approximately $5,700 in back child support. *McLeod*, ¶ 32. The district court imposed a $1,000 fine, and McLeod appealed, arguing that the district court did not sufficiently inquire into his ability to pay the fine. *McLeod*, ¶ 28. Although it was clear that the district court had taken the

6

financial information from the PSI into account when it imposed the fine, we reversed and remanded because the record "[did] not demonstrate a serious inquiry or separate determination, as required by § 46-18-231(3), MCA, into the ability of McLeod to pay the fine nor inquiry into his financial resources or the nature of the burden that the $1,000 fine would impose." *McLeod*, ¶¶ 34-35.

¶16  The record in this case similarly does not reflect an inquiry into VanGilder's ability to pay or the nature of the burden the financial obligations would impose. The District Court's conclusory statement that "the Defendant is able to meet the financial obligations imposed herein, including the fine and surcharges, reasonably and without undue hardship" is insufficient to demonstrate the necessary "serious inquiry." The record shows no consideration of how much money VanGilder needs in order to afford necessities for herself and her daughter or the nature of the burden the fine and fees would impose on her. Although VanGilder has $2,700 in assets, her assets include a car, a television, and a laptop computer, rather than savings that could easily be drawn on to pay the fine and fees. There is also no mention of how much money VanGilder needs to provide housing, food, clothing, and other essentials for herself and her daughter. Without such information, it is impossible to know "the nature of the burden" the fine and fees would impose or VanGilder's ability to pay them. At a minimum, a serious inquiry requires that the sentencing court determine whether and to what extent fines and fees will affect the defendant's ability to provide for herself and her dependent.

¶17  The State argues that VanGilder agreed to pay at least $180 of the fees in the plea agreement. VanGilder counters that despite the costs being listed in the plea agreement,

7

the agreement also stated that "[t]he Parties may argue for any disposition they feel appropriate." She further contends that she argued to the District Court in a presentence memorandum and at the sentencing hearing that the fees and fine should be minimal or waived because of her limited finances, and the State never argued to the District Court that she was bound to pay the fees listed in the plea agreement.

¶18    VanGilder is correct that the plea agreement stated, "The Parties may argue for any disposition they feel appropriate." However, regarding the $180 in fees to which the State argues VanGilder agreed, the plea agreement stated:

> The Defendant *will pay* the following administrative fees totaling $80.00:
>
> a. $20 per felony/$15 per misdemeanor conviction as mandated by § 46-18-236(1)(a), MCA[;]
>
> b. $10 per count court automation fee mandated by § 3-1-317, MCA; and[]
>
> c. $50 per count as mandated by § 46-18-236(1)(c), MCA.
>
> .   .   .
>
> [] At the time of sentencing, the Defendant *shall pay* $100.00 for prosecutor fees, pursuant to § 46-18-232(2), MCA, made payable to the Clerk of District Court.

(Emphasis added.) We do not agree with VanGilder's argument that she was not bound by her agreement that she "will pay" the $80 in administrative fees, and she "shall pay" the $100 prosecutor fee. Notwithstanding the language that provided she was free to argue for any disposition she felt was appropriate, the language concerning these fees was mandatory and unambiguous. She therefore is bound by her agreement as it pertains to these fees.

8

¶19 Excluding the $180 in fees to which VanGilder expressly agreed, the District Court was required to determine VanGilder's ability to pay the fine and fees imposed and the nature of the burden they would impose on her. The District Court could not make that determination without knowing how the fine and fees would impact VanGilder's ability to provide basic necessities for herself and her daughter. Accordingly, we reverse the sentence and remand for further proceedings to determine VanGilder's ability to pay and the nature of the burden the fine or fees imposed would place on her.

¶20 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The District Court's interpretation and application of the law were incorrect, except for its imposition of the amounts VanGilder agreed to pay in the plea agreement. Reverse and remanded.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ PATRICIA COTTER
/S/ JIM RICE

9